**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul ROBINSON, a/k/a Paul Ryan,
Defendant–Appellant.**

No. 89–3262
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 9, 1991.

Robert A. Harper, Jr., Tallahassee, Fla., for defendant-appellant.

K.M. Moore, U.S. Atty., and Michael Simpson, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, HATCHETT and DUBINA, Circuit Judges.

PER CURIAM:

We vacate the appellant's sentence in this case and remand for resentencing. Prior to the imposition of the appellant's sentence, the Government moved the district court, pursuant to Sentencing Guidelines § 5K1.1 (Nov. 1, 1990), to impose a sentence below that specified by the guideline range, on the ground that the appellant had provided the Government substantial assistance. The district court did not rule on the motion; yet, it granted the appellant a downward departure in fashioning his sentence. The court did so without articulating a reason for the departure as required by the mandate of 18 U.S.C. § 3553(b) (1988), i.e., without articulating the "mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in [a lower sentence than] that [specified for the instant case]."

Section 5K1.1 is a sentencing tool, not a resentencing tool; thus, the sentencing judge, when faced with a section 5K1.1 motion, must rule on it before imposing sentence. *See United States v. Howard,* 902 F.2d 894, 897 (11th Cir.1990). On remand, therefore, the court shall, after finding the relevant sentencing facts and the appropriate guideline range, rule on the Government's motion. If the court denies the motion, it shall then give the defendant an opportunity to articulate ground(s), if any he has, for a downward departure and otherwise accord him his right of allocution. Finally, after imposing sentence the court shall elicit the parties' objections as required by *United States v. Jones,* 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990).

VACATED and REMANDED, with instructions.