UNITED STATES of America,
Plaintiff–Appellee,

v.

Keith M. MITTELSTADT,
Defendant–Appellant.

No. 91–2352.

United States Court of Appeals,
Seventh Circuit.

Argued June 17, 1992.

Decided July 20, 1992.

---

Grant C. Johnson, Asst. U.S. Atty. and Timothy O'Shea (argued), Office of the U.S. Atty., Madison, Wis., for plaintiff-appellee.

Ralph A. Kalal (argued), Kalal & Habermehl, Madison, Wis., for defendant-appellant.

Before CUMMINGS, POSNER, and MANION, Circuit Judges.

POSNER, Circuit Judge.

The defendant pleaded guilty to one count of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). The government moved under section 5K1.1 of the Sentencing Guidelines for a downward departure in sentencing. Although the government explained that the defendant had rendered critical and timely assistance that would enable it to indict two other criminals, the judge refused to grant the motion—whether he actually denied it is the issue—and sentenced the defendant to 60 months in prison. He said he could not "evaluate the significance of the defendant's cooperation at this time.... The Court ... partially denies the government's motion for departure based upon substantial assistance.... The Court is also concerned with the defendant's reliability based upon his chronic alcoholism. The motion has, however, been recognized for the purpose of sentencing the defendant near the lower end, rather than at the top of the guideline range, the Court being of the opinion that this significant and serious criminal activity in the distribution of a controlled substance has been mitigated by the defendant's good faith efforts to provide assistance to the government concerning other proposed defendants." Emphasizing "at this time" and "partially denies," the defendant argues that it is Judge Shabaz's practice to deny 5K1.1 motions as a matter of course, remitting defendants to their remedies under Fed.R.Crim.P. 35(b), which authorizes a judge to reduce sentence upon motion made within a year (sometimes more) of sentencing. The government's lawyer confirmed Judge Shabaz's reluctance to grant 5K1.1 motions, and in a recent case we described the judge as having "explained that ... the significance or usefulness of [the defendant's] assistance could not be ascertained at that time [i.e., sentencing]," and "stated that the nature and extent of [the defendant's] assistance could be better addressed later in a proceeding pursuant to Federal Rule of Criminal Procedure 35(b)." *United States v. Hayes*, 939 F.2d 509, 511 (7th Cir.1991). The defendant in our case argues that rather than denying the government's 5K1.1 motion, Judge Shabaz refused to decide it, and that such a refusal is improper and should be reversed.

*United States v. Franz*, 886 F.2d 973 (7th Cir.1989), reads the statute authorizing the sentencing guidelines to forbid, in general, an appeal from a denial of a motion for a downward departure. The rationale is that Congress intended this to be a matter committed solely to the sentencing judge's discretion—an example of uncabined judicial discretion, like that of the Supreme Court in deciding whether to grant certiorari. If, however, the district judge does not exercise his discretion, perhaps because he doesn't know he has any or doesn't know that an exercise of discretion is called for, then the appellate court can step in and reverse, *United States v. Poff*, 926 F.2d 588, 590–91 (7th Cir.1991) (en banc), for it is not then interfering with his discretionary judgment. The defendant argues that Judge Shabaz is laboring under the misconception that he doesn't have to act on a 5K1.1 motion but can simply postpone the whole question of a sentencing

credit for assisting the government to the Rule 35(b) proceeding, where more will be known about the actual value of the assistance.

If this is what the judge believes, it is a grave misconception. As is plain from the text of Rule 35(b) (which allows a reduction of sentence only "to reflect a defendant's subsequent, substantial assistance"), and has been held by several courts, the rule is designed to recognize assistance rendered *after* the defendant is sentenced. *United States v. Howard*, 902 F.2d 894 (11th Cir. 1990); *United States v. Robinson*, 948 F.2d 697 (11th Cir.1991); *United States v. Drown*, 942 F.2d 55, 58 (1st Cir.1991). It is not a substitute for section 5K1.1. But we do not have persuasive evidence that the judge was guilty of this misunderstanding. He does not mention Rule 35(b). He does say that the significance of the defendant's cooperation cannot be ascertained "at this time," that is, the time of sentencing. But this is a simple statement of fact. The government's motion required the judge to act on incomplete information. He could have resolved his doubts in favor of the defendant; we might have been inclined to do so in his shoes. But it was his judgment to make, not ours. The defendant points out that if doubts are resolved against defendants, one might have a situation in which the defendant before being sentenced had rendered substantial assistance not recognized to be such till after sentencing. Since Rule 35(b) makes no provision for such a situation, there is indeed a gap. It furnishes a reason for a judge to resolve his doubts in the defendant's favor—as we should expect him to be disposed to do anyway, in recognition that the government knows better than he the probable value of the assistance rendered it by a criminal defendant. But once we have determined that the district judge has exercised his discretion in denying the government's motion, and has not just been deflected from that exercise by some legal misconception, our function as a reviewing court is at an end. It is possible of course that Judge Shabaz does not appreciate the limitations of the recently amended Rule 35(b), which has been in force only since December of last year; *Hayes* could be cited in support of this conjecture. But *Hayes* was decided under the old rule, and in the present case the judge gave no indication that he wanted the defendant to reapply, as it were, under Rule 35(b) for a reduced sentence. The reference to "partially" denying the government's motion is illuminated by what follows. Judge Shabaz thought that the defendant's assistance should be recognized not by departing downward but instead by sentencing him toward the bottom of the applicable guidelines range. That range was 57 to 71 months, and the sentence of 60 months that the judge imposed was the lowest he could have imposed once he denied the government's motion to depart downward, because 60 months is the statutory minimum mandatory sentence for the defendant's offense. (When read with 18 U.S.C. § 3553(e), section 5K1.1, like Rule 35(b), permits the judge to go below a statutory minimum mandatory sentence.)

Sentencing credit for assisting the government is a valuable tool of law enforcement that can be rendered useless by a judge who disagrees with the thinking that underlies such a credit. But even if we thought that Judge Shabaz had abused his discretion in refusing to grant the government's motion in this case, we could not reverse. The discretion is his; we can intervene only if because of some error of law or otherwise he refuses to exercise it, and we are not convinced that this is what happened here. The appeal is therefore dismissed for want of jurisdiction.

APPEAL DISMISSED.