990 F.2d 1377
 301 U.S.App.D.C. 107
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
In re SEALED CASE.
 No. 91-3270.
 United States Court of Appeals, District of Columbia Circuit.
 April 6, 1993.
 
 Before RUTH B. GINSBURG, WILLIAMS and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of counsel. The court is satisfied that appropriate disposition of the issue presented does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Defendant's Guidelines range was computed at 188 to 235 months. At the government's request, the court allowed a substantial departure downwards for cooperation, and sentenced defendant, on March 28, 1989, to 120 months imprisonment. Certain of defendant's drug suppliers and co-conspirators had been sentenced in federal district court in Florida to terms 24 or 30 months shorter. The bases for those shorter sentences are not indicated in the record before us. At sentencing, defendant maintained that he deserved a lower term than the Florida defendants. He asserted both that he was less culpable and that the Florida sentences were arrived at under pre-Guidelines law. See United States v. Bogle, 689 F.Supp. 1121 (S.D.Fla.) (en banc) (Sentencing Guidelines unconstitutional), stay denied, 693 F.Supp. 1102 (S.D.Fla.) (en banc), stay denied, 855 F.2d 707 (11th Cir.1988), effectively overturned by United States v. Mistretta, 488 U.S. 361 (1989). The district judge, however, declined to reduce defendant's sentence more than 68 months below the minimum of the Guidelines range. Defendant did not ask for an express ruling on his request for a sentence no higher than the sentences received by his co-conspirators in Florida. He neither filed a post-trial motion attacking his sentence nor appealed it.
 
 
 5
 On July 18, 1991, on the government's motion pursuant to Federal Rule of Criminal Procedure 35(b), the district court further reduced defendant's sentence by twelve months in recognition of his post-sentencing cooperation. However, the court did not grant defendant's renewed plea for parity with the Florida defendants. Defendant here contests that decision and again requests parity.
 
 
 6
 This appeal lies only from the Rule 35(b) resentencing. Rule 35(b) has a limited office: it allows sentence reduction only "to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense." FED.R.CRIM.P. 35(b); see United States v. Mittelstadt, 969 F.2d 335, 337 (7th Cir.1992).
 
 
 7
 Even if defendant had not forfeited his objection by failing to pursue an appeal from his original sentence, we would have no warrant to grant the relief he seeks. See Brief for Appellee at 15 (suggesting that appellant should fare no better were we to treat his plea as one made pursuant to 28 U.S.C. § 2255). Unless a district court misperceives the extent of its discretion to depart downward, a decision not to depart is unreviewable. See, e.g., United States v. Beckham, 968 F.2d 47, 53 (D.C.Cir.1992). Under the Guidelines, "the sentencing judge [generally] has no authority to depart downward because of a disparity in the sentences imposed on individuals involved in the same criminal transaction." United States v. Williams, 980 F.2d 1463, 1467 & n. 3 (D.C.Cir.1992). Williams surely does not countenance an order that the district court consider evening out defendant's sentence with those of individuals sentenced in disregard of or disobedience to the lawfully governing Guidelines regime.
 
 
 8
 In sum, we properly leave undisturbed a sentence the district judge lawfully and entirely responsibly pronounced.