25 F.3d 1054
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel S. MURPHY, Defendant-Appellant.
 No. 93-1196.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided May 6, 1994.
 
 Before POSNER, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Daniel S. Murphy suffers from arachnoiditis a condition characterized by inflammation of the tissue around the nerves in his back which results in intense chronic lower back pain. Because the condition itself cannot be treated, the only recourse is to treat the pain. After trying several prescription pain medicines, Murphy discovered that smoking marijuana was more effective in alleviating the pain and spasticity associated with his condition without the side effects experienced with Percocet or other prescription drugs.
 
 
 2
 Between 1985 and 1992, he purchased marijuana for his personal use. When his regular source got out of the business, Murphy decided to try growing his own marijuana. The growing plots were discovered, however, and through surveillance efforts Murphy was identified and arrested. The growing operation was dismantled and the plants were turned over to the Wisconsin Crime Laboratory for analysis. The crime laboratory determined that there were a total of 101 plants with leaf material which tested positive for delta-1-tetrahydrocannabinol, the biologically active substance from marijuana. A Grand Jury returned a one-count indictment against Murphy charging him with intentionally manufacturing a Schedule I controlled substance, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(vii). Murphy pled guilty to the charged offense pursuant to a written agreement.
 
 
 3
 The presentence investigation report set the base offense level at 26 based on the quantity of marijuana plants involved in the manufacturing operation. U.S.S.G. Sec. 2D1.1. A two-level reduction for acceptance of responsibility, Sec. 3E1.1(a), as recommended pursuant to the plea agreement resulted in an adjusted base offense level of 24. When coupled with a criminal history category of I, the resulting Guideline imprisonment range was 51-63 months. However, the Guideline range was restricted pursuant to Sec. 5G1.1 at 60-63 months based on the statutory mandatory minimum of five years' imprisonment provided under 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(vii). Finding itself bound by the statutory mandatory minimum term, the district court sentenced Murphy to 60 months in prison.
 
 
 4
 Murphy argues that the court erred by not departing downward from the statutory minimum considering the fact that he was growing marijuana only for his personal use as a pain reliever. The severity of Murphy's physical condition and his contention that he used marijuana strictly for medicinal purposes was clearly documented and considered by the court in its decision to impose the lowest sentence possible.
 
 
 5
 The Sentencing Guidelines expressly defer to statutorily mandated sentences (Sec. 5G1.1 commentary), allowing for departures from a statutorily required minimum only if the government files a motion pursuant to 18 U.S.C. Sec. 3553(e) for such a departure. Sec. 5K1.1. Because the government did not file a Sec. 3553(e) motion in this case, the district court did not have the authority to sentence Murphy below the mandatory minimum term of 60 months. See United States v. Mittelstadt, 969 F.2d 335, 337 (7th Cir.1992); see also Wade v. United States, 112 S.Ct. 1840 (1992) (government's refusal to file a Sec. 3553(e) motion is reviewable only if based on an unconstitutional motive). So even if were inclined to agree that marijuana used to alleviate suffering caused by a debilitating physical condition mitigated against imposition of a five-year sentence, we could not reverse.
 
 
 6
 Because the district court correctly determined that, in the absence of a motion filed pursuant to Sec. 3553(e), it was without discretion to depart below the statutory mandatory minimum, the sentence imposed is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination on the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record