38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kerry Mitchell CHAMBERS, Defendant-Appellant.
 No. 93-5451.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 17, 1994.
Decided: Oct. 14, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-93-55)
 Jeffrey L. Starkweather, Chapel Hill, NC, for Appellant. Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 VACATED AMD REMAMDED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kerry Mitchell Chambers pled guilty to conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), using and carrying a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1994), and employing a person under eighteen to distribute cocaine, 21 U.S.C.A. Sec. 861 (West Supp.1994). He appeals the district court's denial of his motion to continue sentencing. For the reasons explained below, we vacate Chambers' sentence and remand for resentencing.
 
 
 2
 Chambers' plea agreement provided that, should he render substantial assistance, the government would file a motion for a substantial assistance departure pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1, p.s. (Nov.1992). The agreement further provided that the decision to file the motion was discretionary and required the personal approval of the United States Attorney.
 
 
 3
 At the beginning of Chambers' sentencing hearing, his attorney asked for a one-week continuance. He had just learned that the government did not intend to file a substantial assistance motion. However, the United States Attorney had agreed to reconsider the decision not to file a section 5K1.1 motion. Defense counsel needed the case agent's summary of Chambers' assistance, which had been promised. Unfortunately, the agent left for a week-long training program without providing the summary.
 
 
 4
 Although the district court was at first receptive to granting a continuance, it ultimately decided to go ahead with the sentencing. The court informed Chambers that he would not be prejudiced by having the government file a substantial assistance motion after sentencing. There were no sentencing issues apart from substantial assistance, and Chambers was sentenced to a term of seventy-eight months.
 
 
 5
 It is not clear from the materials presented on appeal whether defense counsel met with the United States Attorney after sentencing. No substantial assistance motion was filed, but, as Chambers argues on appeal, it is unlikely that he would have been able to benefit from a motion filed after sentencing in any case. Once sentence was imposed, the district court had no authority to reduce it for substantial assistance except on a Fed.R.Crim.P. 35(b) motion, which is intended to reflect subsequent substantial assistance. See United States v. Mittelstadt, 969 F.2d 335, 337 (7th Cir.1992); United States v. Francois, 889 F.2d 1341, 1345 (4th Cir.1989), cert. denied, 494 U.S. 1085 (1990).
 
 
 6
 The decision whether to grant a continuance is within the discretion of the district court. United States v. Bakker, 925 F.2d 728, 735 (4th Cir.1991) (trial); United States v. Booth, 996 F.2d 1395, 1397-98 (2d Cir.1993) (sentencing). Booth and the cases cited therein hold that a defendant must demonstrate substantial impairment of his opportunity to secure a fair sentence in order to show that denial of a requested continuance was an abuse of discretion. However, this Court recently explored the ways in which abuse of discretion can occur and found that "discretion may be abused by an exercise that is flawed by erroneous factual or legal premises." James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993).
 
 
 7
 It is apparent from the record that, at the sentencing hearing, both parties and the district court believed that the court could consider a motion for a substantial assistance reduction filed after sentencing which was based on the assistance Chambers had provided up to the date of sentencing. The district court expressly stated that Chambers would not be prejudiced if the motion was filed after sentencing, and denied a continuance with that understanding. In so ruling, the district court abused its discretion because it acted on an erroneous legal premise. Jacobson, 6 F.3d at 239.
 
 
 8
 Chambers was prejudiced by the denial of a continuance in two ways. First, he would likely be unable to benefit from his assistance if the government filed a Rule 35(b) motion after sentencing. Second, in the event the United States Attorney decided against a substantial assistance motion, Chambers would have lost his best opportunity to argue under United States v. Conner, 930 F.2d 1073, 1077 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991), that he had indeed given substantial assistance and that the government had breached the plea agreement. Although Chambers could seek relief in a 28 U.S.C. Sec. 2255 (1988) motion alleging breach of the plea agreement, there seems no reason to force him to initiate a new proceeding.
 
 
 9
 We therefore vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.