37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charlie HILL, Jr., Defendant-Appellant.
 No. 94-1295.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1994.*
Decided Oct. 19, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 In this direct criminal appeal defendant Charles Hill, Jr. raises but one issue. He claims that the district court wrongly declined to depart downward under U.S.S.G. Sec. 5K2.11, p.s. (Lesser Harms) by improperly evaluating the facts of his case.
 
 
 2
 In an attempt to shoehorn his Guidelines appeal into this court, see United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993) (when a refusal to depart downward reflects an exercise of the district judge's discretion, it is not reviewable on appeal), Mr. Hill argues that the district court's refusal to depart downward was based on a belief that it did not have the authority to depart downward. See United States v. Poff, 926 F.2d 588, 591 (7th Cir.1991) ("[A] decision not to depart is reviewable on appeal if it is the product of a conclusion that the judge lacks authority to depart.") (en banc).
 
 
 3
 We may dispense with a recitation of the facts of the case because they are known to the parties and unnecessary in our analysis. We have reviewed the sentencing transcripts and it is clear to us that the district court was well aware that it had the authority under U.S.S.G. Sec. 5K2.11, p.s. to depart downward if it chose. Both Mr. Hill and the government thought a downward departure proper, but the district court, in a clear exercise of discretion, declined:
 
 
 4
 Well, Mr. Hill, I'm not going to depart downward, because I think that would send the wrong message to the prison. It is not a good idea to be in possession of weapons, whatever the reason. I can certainly understand the process of your thinking and what you thought you were doing and why you chose the option that you did. Unfortunately I think it was the wrong one.
 
 
 5
 It is evident from this passage that the district court simply chose not to depart from the Guidelines. That the district court moments later concluded that it was not "proper" to depart downward on the basis of U.S.S.G. Sec. 5K2.11, p.s. does not suggest that the district court believed the Guidelines did not permit it to do so. We have no authority to further review the district court's refusal to depart. See United States v. Mittelstadt, 969 F.2d 335, 337 (7th Cir.1992) ("[O]nce we have determined that the district judge has exercised his discretion in denying the government's motion, and has not just been deflected from that exercise by some legal misconception, our function as a reviewing court is at an end."). This appeal is therefore DISMISSED for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)