41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto CORRAL, Defendant-Appellant.
 No. 94-1463.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 8, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ernesto Corral pleaded guilty to one count of conspiracy to distribute in excess of five (5) kilograms of cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). He was sentenced to 180 months of imprisonment and 5 years of supervised release. On appeal, Corral contends that the district court erred in failing to depart downward from the sentencing guidelines. See U.S.S.G. Sec. 5K2.0. We dismiss for lack of jurisdiction.
 
 
 2
 A determination to depart downwards from the sentencing guidelines "is wholly within the discretion of the district court [and] there is no appellate remedy available if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). However, "if a decision not to depart is the product of an erroneous belief that the judge lacked the authority to depart, it is reviewable on appeal." Gaines, 7 F.3d at 105. " '[O]nce we have determined that the district judge has exercised his discretion in denying the government's motion, and has not just been deflected from that exercise by some legal misconception, our function as a reviewing court is at an end.' " United States v. Winston, No. 94-1405, slip op. at 12 (7th Cir. Sep. 12, 1994) (citing United States v. Mittelstadt, 969 F.2d 335, 337 (7th Cir.1992)). Accordingly, jurisdiction to review a district court's failure to depart downward from the sentencing guidelines exists only where the district court has refused to exercise its discretion to do so. Winston, slip op. at 12-13; United States v. Atkinson, 15 F.3d 715, 718 n. 2 (7th Cir.1994).
 
 
 3
 In support of his challenge to the district court's refusal to depart downward, Corral cites United States v. Genao, 831 F.Supp. 246 (S.D.N.Y.1993). In Genao, several individuals were convicted of distributing crack cocaine. Although the aggregate quantity of drugs chargeable to these individuals was great, they were low level operatives regularly distributing small quantities of drugs over a substantial period of time. Hence, the district court found that the aggregate quantity of drugs chargeable to them did not accurately reflect their culpability. As the court found that the length of time of distribution was a mitigating factor under the circumstances and as this factor is not taken into consideration by the guidelines, the district court exercised its discretion in departing down from the guideline level and reduced the aggregate quantity of drugs chargeable to the defendants accordingly. Corral contends that as the district court erroneously read Genao as mandating that it depart downward only in cases involving low level operatives, the district court did not recognize its authority to depart downward in the instant case. We disagree.
 
 
 4
 At sentencing, the district court stated that while it would consider a Genao departure under the appropriate circumstances, Genao was not applicable to a high level defendant such as Corral who had dealt massive quantities of cocaine--approximately 150 to 500 kilograms of cocaine over a seven year period. Sentencing Hearing Transcript at 8-9. Clearly, the district court did not feel bound by Genoa. Rather, the court's consideration of the departure in Genao demonstrates that it was aware of its authority and exercised its discretion in deciding not to depart downward.
 
 
 5
 The record reflects that the Court was well aware of its authority to depart but determined that a departure was not appropriate under the facts of Corral's case. Sentencing Hearing Transcript at 4-5, 8-9. Since the district court knowingly exercised its discretion and declined to depart from the guidelines range, we are without jurisdiction to consider this claim.[1]
 
 
 6
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Corral also contends that the district court should have considered certain proposed amendments to the sentencing guidelines in determining whether to depart downward. See 58 F.R. 243 at 67526-27 (Dec 21, 1993), 54 Crim.L.Rpt. 2023, 2026-29 (Dec. 22, 1993). However, as mentioned above, the district court was well aware of its authority to depart. See Sentencing Hearing Transcript at 4-5, 8-9. Accordingly, as the district court knowingly exercised its discretion, this claim is without merit