**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**DEC 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PIYARATH S. KAYARATH, a/k/a
Be, a/k/a Be Nouanley,

    Defendant-Appellant.

Nos. 96-3019 & 96-3277
(D.C. No. 94-10123-2)
(D. Kan.)

**ORDER AND JUDGMENT***

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Kayarath directly appeals two orders of the United States District Court of the District of Kansas. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). These appeals are consolidated under Fed. R. App. P. 3(b). We remand No. 96-3019 to the district court for a determination of excusable neglect, and we dismiss No. 96-3277.

Mr. Kayarath pleaded guilty to multiple robbery and weapons possession charges under 18 U.S.C. § 1951 and § 924(c). On December 20, 1995, he was sentenced to a term of 330 months. Also on that date, the United States filed a motion pursuant to the U.S. Sentencing Guidelines Manual § 5K1.1 and 18 U.S.C. § 3553(e) to reduce Mr. Kayarath's sentence to a period of 288 months for substantial assistance. At sentencing, the district court took the § 5K1.1 motion under advisement until the outcome of another case involving Mr. Kayarath. The district court entered judgment in Mr. Kayarath's case on December 27, 1995.

On January 9, 1996, Mr. Kayarath's attorney filed an untimely notice of appeal (No. 96-3019) from the district court's judgment. Mr. Kayarath's attorney states he miscalculated the filing deadline by using the Fed. R. Crim. P. 45 time computation rather than the correct time computation found in Fed. R. App. P. 26.

On April 3, 1996, this court partially remanded No. 96-3019 to the district court to allow Mr. Kayarath to file a motion for an extension of time to file a notice of appeal, and allow the district court to determine if Mr. Kayarath made a showing of excusable neglect necessary for this court to conclude whether it has jurisdiction. Mr. Kayarath filed a motion for an extension of time in which to file a notice of appeal with the district court.

On May 16, 1996, the district court failed to rule on the motion but entered an order noting the § 5K1.1 motion was still pending and suggested this court dismiss No. 96-3019 and remand for a ruling on the § 5K1.1 motion. The district court stated in its order it erred in not ruling on the § 5K1.1 motion prior to sentencing.[1]

On July 23, 1996, this court again partially remanded No. 96-3019 to the district court to rule on the § 5K1.1 motion and Mr. Kayarath's the motion for an extension of time. The district court ruled on the § 5K1.1 motion reducing Mr. Kayarath's sentence to 240 months imprisonment in an amended judgment entered

---

[1] The district court found although the Tenth Circuit has not ruled on the issue before, other circuits have held it is improper to take a § 5K1.1 motion under advisement (citing *United States v. Mittelstadt*, 969 F.2d 335 (7th Cir. 1992); *United States v. Howard*, 902 F.2d 894, 896-97 (11th Cir. 1990)).

on August 20, 1996.  The court did not rule on the motion for an extension of time.  Mr. Kayarath subsequently filed a timely appeal, No. 96-3277, from his amended sentence.  In an order on filed October 10, 1996, this court consolidated Nos. 96-3019 and 96-3277 for the purposes of briefing and submission.

The following three issues are raised on appeal:  (1) does this court have jurisdiction over No. 96-3019 without the district court's determination of excusable neglect; (2) was Mr. Kayarath's counsel ineffective in securing the least possible sentence; and (3) does Mr. Kayarath provide grounds for us to review his sentence (No. 96-3277).

**No. 96-3019**

Pursuant to Fed. R. App. P. 4(b), a defendant must file a notice of appeal within ten days from the entry of his judgment on the criminal docket.  However, with or without a motion and upon a showing of excusable neglect, the district court may grant an extension of time to file a notice of appeal not to exceed thirty days from the expiration of the ten day period otherwise allowed under Rule 4(b).  A timely notice of appeal is "'mandatory and jurisdictional.'"  *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991) (quoting *United States v. Robinson*,

361 U.S. 220, 224 (1960)).  We are therefore without jurisdiction if Mr.

Kayarath's notice of appeal is not timely filed.

Mr. Kayarath filed his notice of appeal for No. 96-3019 on January 9, 1996.

His judgment was entered on the criminal docket on December 27, 1995.

Therefore, Mr. Kayarath filed his notice of appeal thirteen days after his criminal

judgment was entered.  Consequently, his notice of appeal was filed beyond the

ten day limit set forth under Rule 4(b) but within the thirty-day permissible

extension period allowed if the district court finds the delay was caused by

excusable neglect.  *See* Fed. R. App. P. 4(b).

A defendant who has filed a notice of appeal within the thirty-day

permissible extension period, should have the opportunity to seek relief by a

showing of excusable neglect.  *See United States v. Lucas*, 597 F.2d 243, 245

(10th Cir. 1979).  In two orders[2] this court partially remanded No. 96-3019 to the

district court to determine if Mr. Kayarath has shown excusable neglect to extend

the time to file a notice of appeal.  The district court failed to make its

determination as requested in both orders.  This court is without jurisdiction over

this appeal until the district court determines if Mr. Kayarath has made a

---

[2]  Orders filed April 3, 1996 and July 23, 1996.

-5-

sufficient showing of excusable neglect necessary to establish Mr. Kayarath's notice of appeal was timely filed.

Mr. Kayarath requests this court to rule his attorney's misreading of the Federal Rules of Appellate Procedure constituted excusable neglect as a matter of law. However, because a finding of excusable neglect is dependent on the facts of each case, without a hearing allowing full presentation of the facts we are unwilling to conclude an attorney's mistake constitutes excusable neglect as a matter of law. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995); *Buckley v. United States,* 382 F.2d 611, 615 (10th Cir. 1967), *cert. denied*, 390 U.S. 997 (1968).

Mr. Kayarath also contends the jurisdictional issue in No. 96-3019 is moot because his original judgment was not a final order and his second timely appeal of his revised sentence, No. 96-3277, would include any issues raised in the first appeal. We disagree. First, Mr. Kayarath's first criminal judgment was a final appealable order. *See United States v. Mendes*, 912 F.2d 434, 437 (10th Cir. 1990) (holding an erroneous or illegal sentence is a final judgment for purposes

of appeal).  Second, any issues intended to be raised in this first appeal, which never reached the merits, must be raised in his direct appeal of the judgment or be waived.  *Id.* (holding the grant on remand does not reopen the order appealed from and the first order cannot be challenged in an appeal of a second final order).  In addition, our jurisdiction over No. 96-3277 is limited to the scope of our remand, to rule on the § 5K1.1 motion.  *See United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 1097 (1997).  Consequently, the jurisdictional issue of Mr. Kayarath's first appeal is not moot.

## No. 96-3277

Mr. Kayarath contends his sentence is too long and his counsel was ineffective in securing the least possible sentence.  We dismiss Mr. Kayarath's ineffective assistance of counsel claim because it is not reviewable on direct appeal.  *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).  Such claim should be brought in a collateral proceeding.  *See id.*

With respect to Mr. Kayarath's claim his sentence is too long, he may appeal his sentence if he alleges the sentence was imposed in violation of the law or as a result of an incorrect application of the U.S. Sentencing Guidelines.  *See* 18 U.S.C. § 3742(a).  Mr. Kayarath claims neither.  Mr. Kayarath was originally

sentenced to a total of 330 months, within the sentencing range imposed under the Guidelines. After remand, the district court granted the § 5K1.1 motion and reduced his sentence to an aggregate 240 month sentence, below the sentence the United States had recommended in its motion. When a district court grants a motion under § 5K1.1 and departs downward, the degree of departure may not be reviewed by this court absent an incorrect application of the sentencing guidelines. *See United States v. Bromberg*, 933 F.2d 895, 896 (10th Cir. 1991). Therefore, Mr. Kayarath's appeal should be dismissed since we have no jurisdiction to entertain it.[3]

Accordingly, we **REMAND** No. 96-3019 to the district court to rule on Mr. Kayarath's motion to extend the time to file a notice of appeal, and **DISMISS** No. 96-3277.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[3] Mr. Kayarath's counsel filed an *Anders* brief requesting permission to withdraw because Mr. Kayarath's claim his sentence was too long was wholly frivolous. Following *Anders v. California*, 386 U.S. 738, 744 (1967), Mr. Kayarath's counsel requests permission to withdraw from this case. We grant the permission to withdraw.