42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecil COULTER, Jr., Defendant-Appellant.
 No. 93-2411.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 8, 1994.
Rehearing Denied Jan. 19, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Cecil Coulter, Jr. pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Coulter challenges his term of imprisonment. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 The instant action arises from Coulter's use of the Badger Guns and Ammo firing range in West Milwaukee. Specifically, Coulter, a convicted felon, fired a Davis Industries .32 caliber pistol and a Norinco SKS semi-automatic rifle while at the firing range. He also held an AK-47 .22 caliber semi-automatic rifle (hereinafter "AK-47") at the range. Coulter was accompanied by an acquaintance, George Capps, who was waiting to pick up a firearm he had previously purchased from Badger. After Coulter finished using the firing range, he was arrested for unlawful possession of firearms. Following his arrest, a Raven Arms .25 caliber semi-automatic pistol was found pursuant to a consensual search of Capps' truck. Capps later stated that this gun belonged to Coulter.
 
 
 3
 Coulter was charged in a one count indictment with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For the purposes of enhancing Coulter's sentence under U.S.S.G. § 2K2.1(b)(1)(A), the indictment specified that Coulter had been in possession of three firearms--a Norinco SKS semi-automatic rifle, a Davis Industries .32 caliber pistol, and a Raven Arms .25 caliber semi-automatic pistol. After initially entering a plea of not guilty, Coulter entered a plea of guilty to the charge. For sentencing purposes, Coulter acknowledged possession of only the Norinco SKS semi-automatic rifle and the Davis Industries .32 caliber pistol. Both Coulter and the government agreed to let the district court determine the issue of possession of the Raven Arms .25 caliber semi-automatic pistol at sentencing. After the plea agreement but prior to sentencing, the government added that Coulter had also been in possession of an AK-47.[1]
 
 
 4
 At sentencing, ATF Special Agent Scott Perala presented testimony regarding his observations of Coulter at the firing range. Based on this testimony, the district court found that, in addition to his unlawful possession of the Davis Industries .32 caliber pistol and the Norinco SKS semi-automatic rifle, Coulter had also unlawfully possessed the AK-47 in violation of 18 U.S.C. § 922(g)(1).[2] As Coulter was found to have unlawfully possessed three firearms, the district court found that a one-level increase in Coulter's base offense level was warranted pursuant to U.S.S.G. § 2K2.1(b)(1)(A). Coulter was subsequently sentenced to 41 months of imprisonment and 3 years of supervised release.
 
 
 5
 Coulter contends that as there was insufficient evidence to support a finding that he was in possession of the AK-47 in violation of 18 U.S.C. § 922(g)(1), the district court erred in finding him in possession of three firearms and therefore, there was no basis for the one-level increase in his base offense level.
 
 
 6
 Since Coulter challenges a finding of fact made by the district court, we will review its decision for clear error. United States v. Lindsey, 30 F.3d 68, 70 (7th Cir.1994) (citing United States v. Sykes, 7 F.3d 1331, 1335 (7th Cir.1993)). See also United States v. Rahman, No. 92-3478, slip op. at 13 (7th Cir. Sep. 13, 1994). Hence, "we shall reverse the district court's factual finding only if we are left with the definite and firm conviction that a mistake has been committed." Lindsey, 30 F.3d at 70 (citing Sykes, 7 F.3d at 1335). See also Rahman, slip op. at 13; United States v. Loscalzo, 18 F.3d 374, 381 (7th Cir.1994) (citing United States v. Tylkowski, 9 F.3d 1255, 1259 (7th Cir.1993)). We also note that as the district court's finding concerns the resolution of a factual dispute at sentencing, we need only consider whether it is supported by a preponderance of the evidence. Lindsey, 30 F.3d at 70 (citing United States v. Haddad, 10 F.3d 1252, 1263 (7th Cir.1993)).
 
 
 7
 A violation of 18 U.S.C. § 922(g)(1) requires that the following elements be established: " '(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had travelled in or affected interstate commerce.' " United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.1990) (quoting United States v. Petitjean, 883 F.2d 1341, 1347 (7th Cir.1989)), cert. denied, 498 U.S. 905 (1990). As Coulter does not contest the first and third elements of this offense, we need only consider the issue of possession of the AK-47.
 
 
 8
 Possession, for the purposes of 18 U.S.C. § 922(g)(1), has been defined as follows:
 
 
 9
 " '[p]ossession may be either actual or constructive and it need not be exclusive but may be joint....
 
 
 10
 Actual possession exists when a tangible object is in the immediate possession or control of the party. Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.... Both actual possession and constructive possession may be proved by direct or circumstantial evidence. It is not necessary that such evidence remove every reasonable hypothesis except that of guilt.' "
 
 
 11
 Garrett, 903 F.2d at 1110 (quoting United States v. Taylor, 728 F.2d 864, 868 (7th Cir.1984) (quoting United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.1973), cert. denied, 414 U.S. 1086 (1973))) (alteration in original) (emphasis changed). See also United States v. Davis, 15 F.3d 1393, 1398 (7th Cir.1994) ("Actual possession 'exists where the thing is in the immediate occupancy and control of the party.' ") (quoting BLACK'S LAW DICTIONARY 1047 (5th ed. 1979)), cert. denied, 1994 WL 396641 (Oct. 3, 1994). Hence, we must determine whether there was sufficient evidence to support a finding that the AK-47 was in Coulter's immediate occupancy or control.
 
 
 12
 At sentencing, Special Agent Perala testified that while firing weapons at the Badger firearms range, Coulter briefly held and examined the AK-47 which had been handed to him by Capps. After looking at the AK-47, Coulter set it down and commenced firing a Norinco SKS semi-automatic rifle. Clearly, this evidence demonstrates that Coulter was in possession of the AK-47. Coulter argues, however, that as his "possession" of the AK-47 was transitory, he did not exercise dominion or control over the firearm and, therefore, he was never in possession of the firearm for the purposes of 18 U.S.C. § 922(g)(1). This claim lacks merit.
 
 
 13
 Coulter's acceptance of Capps' delivery of the AK-47, as evidenced by Coulter's holding and examining the firearm, clearly demonstrates that the AK-47 was within his dominion and immediate control. See United States v. Hayes, 919 F.2d 1262, 1265 (7th Cir.1990) (mere delivery of firearm to defendant sufficient to demonstrate dominion and control). The fact that Coulter chose not to retain possession of the weapon does not excuse his violation of 18 U.S.C. § 922(g)(1). As a rational trier of fact could have found that this act of dominion and control established possession by a preponderance of the evidence, the district court's findings will not be disturbed.
 
 
 14
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Prior to preparation of the presentence investigation report, the United States Probation officer preparing the report was notified by the government that Coulter had also been in possession of the AK-47. See Presentence Investigation Report, May 7, 1993, p 13. The government's failure to include this allegation in the indictment was the result of an oversight in its drafting of the indictment. Sentencing Hearing Transcript, May 28, 1993, at 4
 
 
 [2]
 The district court refrained from making a finding regarding the Raven Arms .25 caliber semi-automatic pistol as such a finding would not have affected Coulter's base offense level