69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard E. GOVAN, Defendant-Appellant.
 No. 95-1332.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.*
Decided Nov. 2, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 On March 7, 1994, Richard Govan and Nathaniel Beverly, Jr., robbed the Guaranty National Bank in Milwaukee, Wisconsin. Using a key obtained from their associate Charles Hall, a member of the bank janitorial staff, Govan and Beverly entered the bank shortly after closing wearing ski masks. Govan pleaded guilty to bank robbery in violation of 18 U.S.C. Secs. 2 and 2113(a). Although neither Beverly nor four of the five bank employees saw a weapon during the robbery, the district court accepted at sentencing the testimony of the fifth employee, Deanna Dickerson, who said that she had observed that one of the robbers held a black hand gun. Govan received a three-point enhancement to his base offense level for brandishing, displaying or possessing of a dangerous weapon during the commission of the offense. U.S.S.G. Sec. 2B3.2(a)(3)(A)(v). He claims that the district court violated due process by relying upon Dickerson's allegedly inaccurate testimony to calculate his sentence. We affirm.
 
 
 2
 After Govan objected to the Presentence Investigation Report's statement that he had possessed a firearm, the court received testimony during the sentencing hearing, which began on September 21, 1994, and which was continued and concluded on January 27, 1995. Govan, Dickerson and Agent Daniel S. Craft of the Federal Bureau of Investigation testified at the first hearing, and Govan testified again at the second one. Although, as Govan points out on appeal, the court stated at the second hearing that it had found both Dickerson's and Govan's conflicting testimony to be credible after the first hearing, the court ultimately concluded that Dickerson's testimony was credible, and it discounted Govan's testimony.
 
 
 3
 Dickerson testified that the first man to enter the bank ordered everyone down on the floor and that the second man held a black automatic pistol. She estimated that she watched the two robbers for forty-five seconds before dropping to the floor. After the robbers left after three to five minutes of entering the bank, Dickerson looked out the window and observed the make and model of their car and its license plate number. This car was subsequently recovered. Although two other bank employees identified the men in a line-up, Dickerson, who did not attend the line-up, admitted at the sentencing hearing that she was unable to identify them. The parties stipulated that none of the other four bank employees saw a gun.
 
 
 4
 Agent Craft, who interviewed both Beverly and Hall, stated that both men told him that Govan always carried a gun, although they did not expect one to be used in this robbery. Beverly did not see a weapon during the robbery. After Agent Craft provided this testimony, Beverly later testified at his own sentencing hearing before another judge that he had previously seen Govan with a large black automatic pistol. Beverly also stated that if Dickerson said that she had seen a gun, he would believe her. The district court took note of Beverly's testimony.
 
 
 5
 Govan denied possessing a weapon. He stated that the robbery took only sixty seconds and that all of the employees were on the floor the entire time. He testified that he had not discussed with Hall and Beverly whether a gun would be used, although Hall told them one would not be necessary. Govan also testified that Beverly owned a silver pistol.
 
 
 6
 The court explained why it found Dickerson's testimony credible. Dickerson had a number of prior experiences with robberies at this bank, and she was the only person with the presence of mind to obtain information about the robbers' car. With respect to Govan, the court noted that Govan had once been convicted of armed robbery and that he had a strong incentive to lie. The court rejected as implausible the idea that the robbers did not plan to have a weapon because they did not expect to encounter anyone in the bank just after closing. The court also pointed out that one of the robbers simply ordered everyone in the bank to "get down," as opposed to saying something like "lay down, I have a gun in my pocket," which would merely imply a potential show of force. With respect to the other tellers, the court found that the ability of the other employees to focus upon Govan, as opposed to the other bank robber, was unknown. The district court found Dickerson credible and accepted her testimony. It sentenced Govan to a sixty-six month term of imprisonment and three years of supervised release.
 
 
 7
 "[A] defendant has a due process right to be sentenced on the basis of accurate information." United States v. Mustread, 42 F.3d 1097, 1101 (7th Cir.1994) (citing, inter alia, United States v. Tucker, 404 U.S. 443, 446 (1972)); see United States v. Salinas, 62 F.3d 855, 859 (7th Cir.1995) ("Due process standards require that information used in sentencing have sufficient indicia of reliability."). "To successfully challenge [his] sentence[,] the defendant must show that 'the information before the court was inaccurate, and that the court relied on it.' " United States v. Anaya, 32 F.3d 308, 314 (7th Cir.1994). In the district court, Govan challenged the accuracy of Dickerson's testimony by citing the fact that five other individuals (including his accomplice) did not recall seeing a weapon. Because Govan produced evidence that called into question the accuracy of Dickerson's testimony, the burden shifted to the government to show that Dickerson's testimony was reliable.
 
 
 8
 " 'Sufficient indicia of reliability' might also be described as 'an evidentiary basis beyond mere allegation in the indictment.' " United States v. Coonce, 961 F.2d 1268, 1281 (7th Cir.1992) (citations and internal quotation marks omitted). The court found that Dickerson's testimony was credible. See United States v. Garcia, No. 95-3141, 1995 WL 554620, at * 5-* 6 (7th Cir. Sept. 19, 1995) (discussing great deference to district court's credibility determination). It is conceivable that in the brief span of time filled with surprise and confusion and with two individuals to focus upon, Dickerson, who had prior experience dealing with such situations, may have observed a weapon that was not seen by the others. Furthermore, she described a black weapon generally similar to the one that Beverly had seen previously in Govan's possession. Dickerson's testimony, in conjunction with statements by Beverly and Hall, possessed sufficient indicia of reliability to permit the government to establish by a preponderance of the evidence that Govan had possessed a weapon during the robbery. Thus, the requirements of due process have been satisfied. Garcia, No. 95-3141, 1995 WL 554620, at * 6 (noting that testimony of single witness, even if arguably biased against defendant, is sufficient to support finding of fact); see Salinas, 62 F.3d at 859 (noting that preponderance of evidence satisfies due process); United States v. Lindsey, 30 F.3d 68, 70-71 (7th Cir.) (holding that testimony of one witness suffices to support finding of fact and that testimony of two allegedly "inherently unreliable" witnesses concerning possession of weapon by defendant had sufficient indicia of reliability), cert. denied, 115 S.Ct. 604 (1994); cf. also United States ex rel. Wandick v. Chrans, 869 F.2d 1084, 1089 (7th Cir.1989) (holding that testimony of one credible witness sufficed to support finding of guilt beyond reasonable doubt despite testimony of four other witnesses of dubious credibility).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record