# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3561

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the Western |
| Howard R. Holler, also known | * District of Missouri. |
| as Howard Sharp, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: May 30, 2001
Filed: June 13, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Howard R. Holler pleaded guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (1994), and the government agreed to dismiss two felon-in-possession counts, one of which concerned a revolver recovered on July 1, 1997, from a motel room in which Holler was present. The District Court[1] sentenced him to 100 months imprisonment and 3 years supervised release. On appeal, Holler argues the District Court erred in finding that his 1992

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Missouri conviction for stealing was a crime of violence, and further erred in finding for sentence-calculation purposes that he possessed the revolver found at the motel. We affirm.

According to the presentence report (PSR), Holler was arrested in 1992, pleaded guilty to "Stealing from a Person," and was sentenced to 1 year of imprisonment. Using the 1998 Guidelines, the PSR indicated a base-offense level of 20, counting the 1992 conviction as a "crime of violence," see U. S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (1998); a 1-level increase because Holler possessed 3 weapons, including the revolver, see U. S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A); a 2-level increase because the revolver was stolen, see U. S. Sentencing Guidelines Manual § 2K2.1(b)(4); a 4-level increase because he possessed the revolver in connection with another felony offense, i.e., narcotics possession, see U. S. Sentencing Guidelines Manual § 2K2.1(b)(5); and a 3-level acceptance-of-responsibility reduction, see U. S. Sentencing Guidelines Manual § 3E1.1. With a Category VI criminal history and a total offense level of 24, Holler's resulting guidelines imprisonment range, limited by the 10-year statutory maximum, was 100-120 months. Holler objected to the PSR's classification of his 1992 conviction as a crime of violence, because under Missouri law "Stealing" does not have "the use or threatened use of physical force" as an element of the offense. See Mo. Rev. Stat. § 570.030 (2000). Holler also objected to several PSR paragraphs related to the revolver, including a denial that he possessed it.

At the sentencing hearing, the District Court heard evidence on these objections. A police detective testified about Holler's 1992 offense. Relying on the underlying facts and the detective's testimony, the court concluded that the stealing offense was a crime of violence because it involved threats, coercion, physical force, and physical injury.

As to the gun-possession objections, a police officer testified to the following facts. The officer had been conducting surveillance at a motel when he saw a man

(Quinton Hunter) exit Room 302; using binoculars, the officer looked into the room while its door was open and saw what appeared to be drug paraphernalia on a table and Holler standing nearby. The officer knocked at Room 302. As Holler opened the door, the officer saw a gun and drug paraphernalia on the table, approximately 6-8 feet from Holler. After handcuffing Holler and a female occupant (Carolyn Smith), the officer found substances on the table that he believed smelled like methamphetamine and marijuana. Holler, Smith, and Hunter also testified about the motel-room incident. The court credited the police officer's testimony over that of the defense witnesses, and found by a preponderance of the evidence that Holler had possessed the gun knowingly and in relation to a drug offense.

We conclude that the District Court did not clearly err in receiving testimony and looking beyond the statutory definition of Holler's 1992 crime, because under Missouri law it is possible to commit the offense of stealing without violence. See Mo. Rev. Stat. § 570.010(3)(a), (c)-(g) (2000) ("coercion" means threat, however communicated, to commit any crime, to accuse any person of any crime, to expose any person to hatred, contempt or ridicule, or to harm credit or business repute of any person, or to take or withhold action as public servant, or to inflict any other harm not beneficial to actor); Mo. Rev. Stat. § 570.030.1 ("A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion."); United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999) ("Assuming [the] offense can sometimes be committed without violence, we look to the facts or charging instruments underlying [the] offense to determine whether it was a crime of violence under the Guidelines."), cert. denied, 528 U.S. 1180 (2000). Further, Holler's offense involved hitting juveniles and his behavior appeared to present a serious risk of physical injury to them. It was therefore proper for the court to examine the underlying facts. See Kind, 194 F.3d at 907.

As to the gun-possession issue, we note that the District Court's credibility determinations are "virtually unreviewable on appeal." United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999) (quoting United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994)). We conclude the court did not clearly err in finding sufficient evidence, under the preponderance standard of proof, that Holler had possessed the gun knowingly and in relation to a drug offense. See United States v. Lemon, 239 F.3d 968, 970 (8th Cir. 2001) (in reviewing sufficiency of evidence concerning defendant's knowledge of and exercise of control over contraband found in someone else's apartment, the court "must give the government the benefit of all reasonable inferences which may logically be drawn from that evidence") (quoting United States v. Watson, 952 F.2d 982, 987 (8th Cir. 1991), cert. denied, 503 U.S. 994 (1992)); United States v. Hiebert, 30 F.3d 1005, 1007 (8th Cir.) (reviewing trial court's factual determinations for clear error), cert. denied, 513 U.S. 1029 (1994); United States v. Lindsey, 30 F.3d 68, 70 (7th Cir.) (requiring district court to resolve factual disputes at sentencing by a preponderance of the evidence), cert. denied, 513 U.S. 1029 (1994); United States v. Boykin, 986 F.2d 270, 274 (8th Cir.) ("Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself."), cert. denied, 510 U.S. 888 (1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-