UNITED STATES of America, Plaintiff–Appellee,

v.

Claude H. ATKINSON, Defendant–Appellant.

No. 93–1378.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1993.

Decided Feb. 4, 1994.

Donna Eide (argued), Office of U.S. Atty., Indianapolis, IN, for plaintiff-appellee.

Robert C. Perry (argued), Indianapolis, IN, for defendant-appellant.

Before BAUER, FRIEDMAN * and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

On September 5, 1991, Claude Atkinson pled guilty to conspiring to manufacture more than 1,000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846. He also pled guilty to one count of structuring currency transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3). Mr. Atkinson appealed. We vacated his first sentence and remanded the case to the district court. He now appeals the district court's new sentence. We affirm.

## I

## BACKGROUND

The facts underlying the charges brought against Mr. Atkinson are set forth fully in our decision in *United States v. Atkinson,* 979 F.2d 1219 (7th Cir.1992). We therefore do not repeat them here. The original sentence was imposed upon Mr. Atkinson on September 27, 1991. The district court determined that Mr. Atkinson's total offense level was 36, and that his criminal record placed him in Criminal History Category VI under U.S.S.G. § 4B1.1. This computation yielded an incarceration range of 324–405 months. The government, however, had requested a downward departure under U.S.S.G. § 5K1.1 for Mr. Atkinson's assistance in other government investigations. The district court agreed and therefore sentenced Mr. Atkinson to twenty-five years (300 months) on the conspiracy count and a concurrent term of five years on the currency transaction count. *Id.* at 1221.

Mr. Atkinson appealed the district court's original sentence. He submitted that the district court erred in determining that his conduct was subject to Criminal History Category VI. We agreed with Mr. Atkinson. Under U.S.S.G. § 4B1.1, a defendant may be considered a career offender and placed in Criminal History Category VI if he was at least eighteen years old when charged, if the charged crime is either one of violence or one that involves a "controlled substance offense," *see* U.S.S.G. § 4B1.2, and if he has at least two prior convictions for either a crime of violence or "a controlled substance offense." We held that the district court had erred in its application of § 4B1.1 because one of Mr. Atkinson's predicate felonies did not involve a "controlled substance" within the meaning of the statute and therefore could not be counted. We therefore vacated Mr. Atkinson's sentence and remanded the case for a new sentencing hearing. *Atkinson,* 979 F.2d at 1222–23.

On February 5, 1993, the district court held a new sentencing hearing. DEA Agent Gary Alter testified concerning the number of marijuana plants the government determined were involved and the method by which the government arrived at that number. He stated that the government counted a total of 10,200 marijuana plants by sectioning off the defendant's farm in grids and counting the plants in each grid with a spray can to make sure that none was counted twice. Although his counsel cross-examined Agent Alter, Mr. Atkinson presented no evidence regarding the number of plants involved. Instead, Mr. Atkinson testified only that the ultimate objective of the conspiracy was to sell the marijuana after harvest.

The district court concluded that Mr. Atkinson's offense level was 35 and that his prior criminal record made Criminal History Category IV appropriate. The criminal his-

* The Honorable Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, is sitting by designation.

tory calculation included two points for a 1988 felony drug conviction for which he served a 77–day sentence. Mr. Atkinson's guideline range was thus 235–293 months imprisonment. The court then took into consideration the government's recommendation for a U.S.S.G. § 5K1.1 downward departure based on Mr. Atkinson's assistance in other government prosecutions, including assistance rendered after the district court's first sentence. The court decided upon a downward departure of three levels, two for Mr. Atkinson's help in a case before the previous sentence and one for his help in a subsequent prosecution. The new offense level was thus 32, which, combined with placement in Criminal History Category IV, yielded a guidelines range of 168–210 months. The district court sentenced Mr. Atkinson to the maximum 210 months.

## II

## ANALYSIS

On appeal, Mr. Atkinson raises three issues. First, he submits that the district court abused its discretion in not making a more substantial U.S.S.G. § 5K1.1 downward departure for his assistance in government investigations. Second, Mr. Atkinson argues that the district court erred in calculating his offense level. Specifically, he believes the court should have based his offense level on the anticipated weight of the marijuana harvest rather than on the number of plants involved in the conspiracy; in the alternative, he submits that the number of plants the district court found to have been involved in the conspiracy is clearly erroneous. Finally, Mr. Atkinson submits that the district court erred in considering a 77–day sentence in calculating his criminal history category under U.S.S.G. § 4A1.1. We now turn to an examination of each of these contentions.

## A. *Downward Departure*

■ Mr. Atkinson submits that the district court abused its discretion in not giving him

a more significant downward departure for his assistance in government investigations. He asserts that, by giving him only a three-level downward departure on remand—and then sentencing him to the maximum number of months within the resulting guidelines range—the district court granted him a smaller downward departure than it did in its original sentence. He reasons as follows. When the district court determined its original U.S.S.G. § 5K1.1 downward departure, it believed that Mr. Atkinson was subject to a sentence of thirty years to life. However, because of Mr. Atkinson's government assistance, the district court sentenced him to twenty-five years, a five-year downward departure from the minimum under the guidelines. At the February 5, 1993 sentencing hearing on remand, the court noted that Mr. Atkinson was subject to a guidelines range of 235–293 months. Following the district court's U.S.S.G. § 5K1.1 downward departure, the guidelines range became 168–210 months. However, because the district court chose to impose the maximum 210–month sentence, the actual downward departure from the pre-downward departure guideline range was only 25 months (235 months minus 210 months), or two years and one month—far less than the five-year departure Mr. Atkinson claims the district court granted in its original sentence. Moreover, he notes, the district court had before it information about additional assistance Mr. Atkinson had given to the government after his original sentence. This smaller downward departure at the second sentencing, according to Mr. Atkinson, was an abuse of discretion.

Mr. Atkinson offers as support our opinion in *United States v. Thomas*, 930 F.2d 526 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991). In *Thomas*, we discussed the weight a district court might give to the factors listed in U.S.S.G. § 5K1.1(a) in determining an appropriate downward departure for assistance to the government. *Id.* at 531.[1] Mr. Atkinson

---

1. U.S.S.G. § 5K1.1(a) lists five factors:
(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
(3) the nature and extent of the defendant's assistance;

states that in his case the district court failed to heed our suggestion in *Thomas* that each U.S.S.G. § 5K1.1(a) factor a defendant satisfied warrants a two-point downward departure. *See Thomas,* 930 F.2d at 531 (stating that "a defendant's cooperation with authorities may warrant something on the order of a two-level adjustment for each factor [satisfied]"). Because he believes it is uncontrovertible that he satisfied several of the U.S.S.G. § 5K1.1(a) factors, Mr. Atkinson claims that the district court abused its discretion in giving him only a three-level departure.

■ We cannot accept Mr. Atkinson's arguments.[2] At the outset, we note that this entire submission is premised on a view of the record that appears not to have been accepted by the district court or, indeed, by this court during the earlier appeal. Mr. Atkinson's assertion that the original downward departure was actually five years is dependent on the assumption that the original guidelines range was 30 years to life. Mr. Atkinson makes such an assumption in his brief. Appellant's Br. at 7–8.. Although he cites the original sentencing hearing transcript of September 27, 1991, he has failed to follow Federal Rule of Appellate Procedure 10(b) by including the relevant portions of the transcript. There is some evidence in the record before us that, at the time of the original sentencing, the district court may have been under the impression that 30 years to life was the applicable sentence. *See* R.22 at 5 (final plea bargain states that sentence was 30 years to life). However, as we implicitly noted in our earlier opinion, there is stronger evidence that the court believed the original, pre-downward departure guideline range to be 324–405 months, not 30 years to life. *See* R.28 at 4 (Statement of Reasons in Judgment lists Imprisonment Range as 324–405 months); *see also Atkinson,* 979 F.2d at 1221 (stating same and citing to Statement of Reasons, R.28 at 4). If the district court had determined before the original U.S.S.G. § 5K1.1 downward departure that Mr. Atkinson's guidelines range was 324–405 months, then Mr. Atkinson cannot argue that the district court gave him a proportionately smaller downward departure on remand than it did in its original sentence because the first downward departure would have been only 2 years (324 months minus the 300–month original sentence).

Nevertheless, even if we assume *arguendo* that the district court, at the time of the original sentencing, was under the impression that Mr. Atkinson was subject to a sentence of 30 years to life, we cannot accept the argument that the district court was under an obligation to give the same downward departure upon resentencing. Mr. Atkinson does not offer any authority holding that a district court is bound on remand to give the same U.S.S.G. § 5K1.1 downward departure that it gave in its original sentence. This is not surprising. Because "the effect of a vacation is to nullify the previously imposed sentence," a district court sentencing on remand writes "on a clean slate." *Atkinson,* 979 F.2d at 1223 (citations omit-

---

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance.

**2.** We have jurisdiction to review this issue. Our conclusion indicates no retreat from our holdings in *United States v. Mittelstadt,* 969 F.2d 335 (7th Cir.1992), and *United States v. Franz,* 886 F.2d 973 (7th Cir.1989). In *Franz,* we held that, because "Congress did not intend for departure-related decisions, including refusals to depart, to be appealable," *id.* at 978, federal appellate courts "lack jurisdiction to consider a defendant's appeal of a legal sentence that is *within* the applicable sentencing guideline range," *id.* at 974. We elaborated on this proposition in *Mittelstadt,* 969 F.2d at 337: "[O]nce we have determined that the district judge has exercised his

discretion in denying the government's motion, and has not been deflected from that exercise by some legal misconception, our function as a reviewing court is at an end." Thus, in reviewing a downward departure decision, "we can intervene only if because of some error of law or otherwise [the district court] refuse[d] to exercise [its discretion]." *Id.; see also United States v. Thomas,* 11 F.3d 732 (7th Cir.1993) (holding that we lacked jurisdiction to review the downward departure decision at issue because the district court had exercised its discretion). In the case before us, Mr. Atkinson's argument is that the district court was legally constrained not to give any less of a departure on remand than it gave in its original sentence. We therefore have jurisdiction to review that issue because it involves the legal authority of the district court to impose the sentence under review.

ted). The district court in this case, therefore, was in no way bound to follow the exact downward departure formulation that it set forth in the original sentence. Moreover, in this case, upon vacating the original sentence because of the error in calculating the criminal history category, we specifically noted that we had not addressed any other sentencing errors because the district court would be "writing on a clean slate and may entertain any and all objections, even those not raised at the earlier sentencing." *Id.* at 1223. The district court's only duty was to impose a just sentence derived within the discretionary bounds the guidelines set forth.

■ The district court fulfilled that duty.[3] It recognized and gave Mr. Atkinson credit for his assistance. Yet the court remained well within its discretionary bounds in mitigating the effect of the downward departure by imposing the maximum sentence in the guidelines range because of its belief that Mr. Atkinson was able to assist to the extent that he did only because of his pervasive criminal activities. In other words, the court viewed his ability to assist as a double-edged sword. In this regard, we agree with the government that our suggestion in *Thomas*—that each U.S.S.G. § 5K1.1(a) factor a defendant satisfies *"may* warrant" a two-point downward departure—provides only discretionary general guidance and was in no way part of the holding in that case. *See Thomas*, 930 F.2d at 531 (stating that the U.S.S.G. § 5K1.1(a) factors "provide but imperfect guidance" and that "[w]e do not intend to preclude the district court from ... assign[ing] greater or lesser weight to the

factors it considers"). As we stated in our previous opinion in this case:

> *Thomas* does not require ... a two-point reduction for satisfaction of each of the factors listed in U.S.S.G. § 5K1.1. Moreover, the language of U.S.S.G. § 5K1.1 does not lend itself easily to such a methodology; it simply sets forth a non-exhaustive list of considerations to guide the discretion of the district court.

*Atkinson*, 979 F.2d at 1226. Under the circumstances here, we cannot conclude that the district court erred in deciding to sentence Mr. Atkinson as it did.

### B. *Offense Level*

■ Mr. Atkinson also submits that the district court erred in calculating his offense level. In his view, the district court misinterpreted the Sentencing Guidelines by basing his offense level on the number of marijuana plants involved in the conspiracy rather than on the anticipated weight of the harvested marijuana. Mr. Atkinson asserts that 21 U.S.C. § 846,[4] under which he was convicted, and former U.S.S.G. § 2D1.4 (1991),[5] in effect at the time of his conviction, make clear that an offense level should be based on the object of the conspiracy. He contends, as he testified at his sentencing hearing, that the object of the conspiracy was the production and sale of 800 pounds of processed marijuana. Thus, according to Mr. Atkinson, his offense level should have been based on conspiracy to manufacture and sell 364 kilograms (800 pounds) of marijuana, not 10,200 kilograms. (The district court calculated the quantity to be 10,200 kilograms by applying the number of plants

---

3. At oral argument, counsel for Mr. Atkinson intimated and, when pressed on the point, plainly stated that he believed the sentencing judge gave Mr. Atkinson a smaller downward departure on remand out of vindictive feelings from being reversed on the original sentence. Because Mr. Atkinson failed even to mention such a motivation in his brief, we do not address it here. We note also that Mr. Atkinson has failed to provide the transcript that would be necessary for us to make a determination of the matter.

4. 21 U.S.C. § 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter

is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

5. Former U.S.S.G. § 2D1.4 provided: "If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed." This section was deleted effective November 1, 1992 by consolidation with the guidelines applicable to the underlying substantive offenses. *See* U.S.S.G. Appendix C, amend. 447.

involved, 10,200, to the equivalency provision of U.S.S.G. § 2D1.1(c) n.*, which states that "if the offense involved [ ] 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana.").

Mr. Atkinson's argument that the district court should have based his offense level on the anticipated number of pounds of processed marijuana instead of the number of plants involved is precluded by *United States v. Haynes,* 969 F.2d 569 (7th Cir.1992), and *United States v. Montgomery,* 990 F.2d 266 (7th Cir.1993). In those cases, the appeals of Mr. Atkinson's coconspirators, we rejected this argument. We stated that an "offense involving marihuana plants," U.S.S.G. § 2D1.1(c) n.*, encompasses "the cultivation and harvesting of marijuana plants." *Haynes,* 969 F.2d at 572. Mr. Atkinson's conduct in this case, the planting of thousands of marijuana plants on his farm, plainly involved such activities. Moreover, the object of the conspiracy of which he was convicted was the production of marijuana, not conspiracy to possess with intent to distribute. *Cf. id.* (stating that the equivalency provision's "offense involving marihuana plants" language "does not encompass the activities of those individuals who enter the marijuana distribution chain after the processing stage"). Thus, Mr. Atkinson was convicted and sentenced for an "offense involving marihuana plants" and, pursuant to U.S.S.G. § 2D1.1(c) n.*, the district court correctly based his sentence not on the anticipated weight of the marijuana but on the number of plants involved. *See Haynes,* 969 F.2d at 571–72; *Montgomery,* 990 F.2d at 269.

■ Mr. Atkinson argues in the alternative that, even if the district court was correct in basing his offense level on the number of marijuana plants involved, the district court's finding that the offense involved more than 10,000 plants was clearly erroneous. He asserts that, under *United States v. Rone,* 743 F.2d 1169, 1171 (7th Cir.1984), he has the right to be sentenced on the basis of accurate information. Mr. Atkinson submits that in this case the government's evidence on the number of plants involved did not have " 'sufficient indicia of reliability to support [ ] probable accuracy.' " *United States v. Miller,* 891 F.2d 1265, 1270 (7th Cir.1990) (quoting *United States v. Marshall,* 519 F.Supp. 751, 754 (E.D.Wis.1981), *aff'd,* 719 F.2d 887 (7th Cir.1982)). In support of his contention, he asserts that, although DEA Agent Alter testified that the figure of 10,200 plants was an exact one, Agent Alter admitted on cross-examination that he had previously stated in notes and in a report that it was an approximate figure. Because the figure was not exact, Mr. Atkinson believes that an error of 201 plants, which would reduce the sum total to 9,999 and thereby decrease his offense level by two points, could easily have been made.

We cannot accept Mr. Atkinson's argument concerning the accuracy of the number of plants involved. Mr. Atkinson correctly states that our cases require that a defendant be sentenced on the basis of accurate sentencing information. *Rone,* 743 F.2d at 1171. The government's evidence regarding the quantity of drugs therefore must have " 'sufficient indicia of reliability to support [ ] probable accuracy,' " *Miller,* 891 F.2d at 1270. Nonetheless, we cannot accept Mr. Atkinson's contention that, because the total number of plants was "very close to the break-off point between base offense levels," Appellant's Br. at 20, the district court should have recognized the possibility of a 201–plant error and applied the rule of lenity. *Rone* and *Miller* require accurate and reliable information. It is left to the sound discretion of the district court to assess the evidence in situations that pose a relatively "close call." In our previous opinion in this case, we upheld the sentence of Jerry Montgomery, one of Mr. Atkinson's co-conspirators, over his identical argument that, because of "minor deviations in the description of the quantity of marijuana attributed to him," the court "should have realized that the figure was not reliable." *Atkinson,* 979 F.2d at 1224–25. Like Mr. Montgomery, Mr. Atkinson "does not even argue that the count is wrong," *id.* at 1224, only that the government's count could have been inaccurate. Moreover, Mr. Atkinson submitted no evidence of his own to rebut the government's. As a result, we cannot conclude that the district court committed error in considering

the sworn testimony of a DEA agent to be sufficiently accurate and reliable evidence of the number of plants involved. *See id.* at 1225.

## C. *Criminal History Category*

■ Finally, Mr. Atkinson submits that the district court erred in assessing two criminal history points under U.S.S.G. § 4A1.1(b) for a prior sentence of imprisonment. In 1985, Mr. Atkinson was convicted in Indiana state court of a felony. The state court sentenced him to four years incarceration, but suspended all confinement except the time Mr. Atkinson had already served— 77 days. Mr. Atkinson acknowledges that U.S.S.G. § 4A1.1(b) requires a sentencing court to add "2 points for each prior sentence of imprisonment of at least sixty days." Nonetheless, he submits that this court should reverse the district court for not considering the prior conviction to be a "straight sentence of probation, rather than a sentence of 77 days." Appellant's Br. at 22. Mr. Atkinson offers neither caselaw nor the Sentencing Guidelines in support of his argument. Instead, he states that, because the amount of time a defendant serves prior to sentencing is often a function of a defendant's inability to make bond, it would be unfair to consider the time served in a situation like his to be a sentence of imprisonment.

This issue is one of law, which we review de novo. *See United States v. Boula,* 932 F.2d 651, 655 (7th Cir.1991). We agree with the government that Mr. Atkinson's argument ignores the plain language of the Sentencing Guidelines. Although U.S.S.G. § 4A1.1(b) states its directive clearly enough, U.S.S.G. § 4A1.2 removes whatever uncertainty might have existed regarding its application. More specifically, in U.S.S.G. § 4A1.2(b)(2), the guidelines define a sentence of imprisonment:

> If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

Thus, Mr. Atkinson's 77–day sentence, which he concedes was not suspended, must be considered a sentence of imprisonment great-er than 60 days for which two criminal history points were correctly assessed. Mr. Atkinson's argument would have merit only if the state court had suspended his entire sentence, including the 77 days he had already served. If that were the case, U.S.S.G. § 4A1.2(a)(3) would apply, which provides that "a conviction for which the imposition or execution of sentence was *totally suspended* or stayed shall be counted as a prior sentence under § 4A1.1(c) [emphasis added]." Under that subsection, Mr. Atkinson would have received only one criminal history point instead of the two points the district court gave under U.S.S.G. § 4A1.1(b). However, Mr. Atkinson's sentence was not "totally suspended" and was "at least 60 days"; thus, the district correctly assessed two criminal history points for the prior state court sentence of imprisonment.

### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.