35 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James F. SCHULER, Defendant/Appellant.
 No. 94-1213.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 15, 1994.
 
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 James F. Schuler appeals the district court's denial of the government's motion for a downward departure under Sec. 5K1.1 of the Sentencing Guidelines. We dismiss for lack of jurisdiction.
 
 
 2
 Schuler pleaded guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d) and the use of a firearm in the commission of a violent crime in violation of 18 U.S.C. Sec. 924(c)(1). At sentencing, the government moved for a downward departure from the applicable guidelines range, pursuant to U.S.S.G. Sec. 5K1.1, based upon Schuler's cooperation in the bank robbery investigation. The district court denied this motion and sentenced Schuler to 147 months of imprisonment. Schuler argues that the district court failed to exercise discretion in denying the 5K1.1 motion.
 
 
 3
 The decision to depart downwards "is wholly within the discretion of the district court [and] there is no appellate remedy available if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). However, "if a decision not to depart is the product of an erroneous belief that the judge lacked the authority to depart, it is reviewable on appeal." Gaines, 7 F.3d at 105 (citation omitted). "[O]nce we have determined that the district judge has exercised his discretion in denying the government's motion, and has not just been deflected from that exercise by some legal misconception, our function as a reviewing court is at an end." United States v. Mittelstadt, 969 F.2d 335, 337 (7th Cir.1992). Thus, jurisdiction to review a downward departure decision only exists where the district court refused to exercise its discretion. United States v. Atkinson, 15 F.3d 715, 718 n. 2 (7th Cir.1994).
 
 
 4
 In this case, the government moved for a downward departure arguing that Schuler had provided substantial assistance by helping to secure a timely guilty plea from his brother. The district court denied the motion, noting the severe and violent nature of the crime and that the defendant had received a reduction for acceptance of responsibility. Sentencing Transcript at 6-8. The district court also determined that the defendant's assistance was not substantial enough to merit a downward departure. Id., Record of Judgement at 6.
 
 
 5
 Schuler's argument that the district court refused to exercise its discretion is without merit. There is no evidence that the district court believed that it lacked the authority to depart. To the contrary, the court carefully evaluated the circumstances surrounding the crime and chose under the circumstances of the case to decline the government's motion for a downward departure. Because the court knowingly exercised its discretion and declined to depart from the guidelines range, the appeal is therefore DISMISSED for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record