48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee
v.
Tammy L. RIEMER, Defendant-Appellant.
 No. 94-2115.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 8, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Tammy L. Riemer entered a guilty plea to distribution of Lysergic Acid Diethylamide (hereinafter "LSD") in violation of 21 U.S.C. Sec. 841(a)(1). Riemer was sentenced to a term of 120 months imprisonment to be followed by an eight year term of supervised release. On appeal, Riemer challenges her sentence arguing that the district court erred in failing to depart downward from the sentencing guidelines pursuant to U.S.S.G. Sec. 5K1.1 for providing substantial assistance to the authorities. For the reasons set forth below, we affirm.
 
 
 2
 In January of 1993, Riemer made contact with a confidential informant for the sale of LSD. Conversations between Riemer and the confidential informant continued through January, ultimately resulting in the delivery of some quantities of LSD to the confidential informant in Ashland, Wisconsin. The relationship between Riemer and the informant continued and on April 12, 1993, law enforcement officials retrieved a package mailed by Riemer to the informant containing a food coloring container of green liquid which held 3.251 grams of LSD. After being contacted by law enforcement officials regarding the April 12, 1993 delivery, Riemer agreed to cooperate in the investigation of others involved in the trafficking of controlled substances.
 
 
 3
 Riemer was charged in a one count indictment with distributing LSD in violation of 21 U.S.C. Sec. 841(a)(1).[1] The government also filed notice pursuant to 21 U.S.C. Sec. 851 indicating that an enhanced sentence was required based on Riemer's 1991 felony conviction in Bayfield County, Wisconsin for distribution of LSD. Riemer entered a plea of guilty. At sentencing, the government filed a motion for downward departure pursuant to Sec. 5K1.1 for her substantial assistance to the authorities. The government stated that Riemer's cooperation would have led to the indictment of at least two other individuals selling drugs had they not been under indictment in other jurisdictions for similar offenses. In addition, the government stated that the information supplied by Riemer was truthful, extensive, reliable, and provided in a very timely fashion, and that Riemer had rendered "extraordinarily substantial assistance" as defined in Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e).
 
 
 4
 The district court denied the government's motion for downward departure. With an adjusted offense level of 23 and a criminal history category of III, the applicable guidelines range was 57 to 71 months imprisonment. However, because of Riemer's 1991 conviction for distribution of LSD, the minimum mandatory sentence was ten years. 21 U.S.C. Sec. 841(b)(1)(B). Accordingly, Riemer was sentenced to a term of ten years imprisonment to be followed by an eight year term of supervised release.
 
 
 5
 On appeal, Riemer challenges the district court's refusal to depart, alleging that (1) the district court failed to consider the factors enumerated in Sec. 5K1.1 and the accompanying application notes in refusing to depart; and (2) the district court's decision not to depart was based on false information.
 
 
 6
 A determination to depart downward from the sentencing guidelines "is wholly within the discretion of the district court [and] there is no appellate remedy if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993). See also United States v. Winston, 34 F.3d 574, 581 (7th Cir.1994); United States v. Atkinson, 15 F.3d 715, 718 n. 2 (7th Cir.1994); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). Accordingly, we cannot review Riemer's appeal to the extent that she challenges the merits of the district court's refusal to depart for failing to properly consider the factors enumerated in Sec. 5K1.1 and its accompanying application notes.[2]
 
 
 7
 Riemer does, however, state a claim that warrants this court's review--that in refusing to depart, the district court relied upon a factor which, Riemer alleges, was entirely baseless. Although a district court's failure to depart is ordinarily not appealable, when the defendant maintains that the "district court's refusal to depart is in violation of law, appellate review of that decision is available under 18 U.S.C. Sec. 3742(a)(1)." Franz, 886 F.2d at 980. This alleged "violation of law" usually arises when a district court does not recognize its authority to depart.[3] See Gaines, 7 F.3d at 105 (When the "decision not to depart is the product of an erroneous belief that the judge lacked the authority to depart[,]" the refusal to depart is "contrary to law" and, therefore, appealable). See also United States v. Winston, 34 F.3d 574, 581 (7th Cir.1994); United States v. Atkinson, 15 F.3d 715, 718 n. 2 (7th Cir.1994). However, a failure to depart may also be in violation of law and, therefore, appealable, when it is premised on information which is so baseless that reliance upon it in calculating a sentence violates the defendant's right to due process. Franz, 886 F.2d at 980.[4]
 
 
 8
 Here, Riemer claims that the district court improperly based its refusal to depart on its finding that the prosecution had already given Riemer credit for her substantial assistance by not charging her with another count of distribution of LSD which, in turn, would have resulted in a greater mandatory minimum (20 years). Riemer argues that since the district court's finding is entirely unsubstantiated, the district court's failure to depart was in error.
 
 
 9
 It is true that the government's decision not to charge Riemer for other instances of distribution was pivotal in the district court's decision not to depart downward:
 
 
 10
 The Court is of the opinion that the defendant's extraordinary substantial assistance has already been recognized by the government and this Court. Admittedly, the charging decision was based upon a factor relating to the defendant's extraordinary assistance. Had the government not exercised its discretion defendant could have been charged whereby she would have faced a mandatory minimum sentence of 20 years. This Court is aware that it continues to have the authority to consider downward departure motion pursuant to Sec. 5K1.1. It is of the opinion, however, [that] a three-level downward departure has been already provided for the defendant's cooperation, and in light of the government's consideration in its charging decision further departure is not merited.
 
 
 11
 Judgment at 8. However, in making this assessment, the district court relied upon a letter by the government sent to the district court which provided the following:
 
 
 12
 It is true that had the government charged the defendant with the distribution which is described in PSR paragraphs 14 and 15, which involved two sheets of blotter paper with a total statutory weight of 12.308 grams (and a guideline weight of 0.8 grams of LSD), the defendant would have faced a mandatory minimum sentence of twenty (20) years, in light of her prior conviction. The government did not dismiss lightly this possibility. Rather, the government engaged in extensive discussions, both internally and with the defendant and her former counsel, Peter Morin, before offering the instant plea agreement.
 
 
 13
 Government's Letter, May 3, 1994, at 3, as reproduced in the Judgment of Sentence at 6-7. The government went on to say that after considering various factors, including Riemer's extensive cooperation in its investigation of several major LSD suppliers, it decided to charge Riemer only for her April 12, 1993 distribution of 3.251 grams of LSD. Government's Letter at 4. Clearly, it was the district court's prerogative to conclude that the government had already rewarded Riemer for her substantial assistance by charging her with only the one instance of distribution.
 
 
 14
 Since the district court's failure to depart downward was not in violation of law, judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Riemer was charged only for her conduct relating to the April 12, 1993 delivery of LSD
 
 
 [2]
 Citing the Eleventh Circuit's decision in United States v. Castellanos, 904 F.2d 1490 (11th Cir.1990), Riemer claims that a challenge to the merits of a district court's failure to depart downward may, at least in some instances, be appealable. Castellanos involved a challenge to a district court's failure to depart downward under Sec. 5K1.1. The court held that while the merits of a district court's failure to depart was, generally, not appealable, a district court's failure to consider the commentary to Sec. 5K1.1 was reviewable on appeal. Castellanos, 904 F.2d at 1497. However, since Castellanos is the law of the Eleventh Circuit and not the Seventh, it has only persuasive authority. This court has steadfastly held, both before and after Castellanos, that since it is within the district court's absolute discretion to refuse to depart downward and, therefore, a refusal to depart cannot constitute a misapplication of the guidelines, a defendant may not challenge the merits of the district court's failure to depart. See Winston, 34 F.3d at 581; Atkinson, 15 F.3d at 718 n. 2; Gaines, 7 F.3d at 105; Franz, 886 F.2d at 978. Accordingly, we have no jurisdiction to review Riemer's challenge to the district court's application of Sec. 5K1.1 in refusing to depart downward
 
 
 [3]
 Riemer does not contend that the district court failed to recognize its authority to depart downward under Sec. 5K1.1. In any event, the record clearly demonstrates that the district court was aware of its discretion to depart downward. After the government made a motion for departure under Sec. 5K1.1, the district court considered the government's motion and exercised its discretion in finding a downward departure to be inappropriate. Sentencing Hearing, Jun. 7, 1994, at 13-14. In its statement of reasons for imposing Riemer's sentence, the district court stated: "[t]his court is aware that it continues to have the authority to consider [a] downward departure motion pursuant to Sec. 5K1.1." Judgment of Sentence, May 9, 1994, at 8
 
 
 [4]
 In Franz, we stated:
 A court has the obligation to employ fair procedures to determine the accuracy of information used in sentencing. Every factual inaccuracy does not amount to a constitutional violation. However, as we have noted repeatedly, a defendant's constitutional rights can be violated if he demonstrates 'grave doubts as to the veracity of the information ... [and] that the court relied on that false information in determining the sentence.' ... [I]n such a case, appellate review under section 3742(a)(1) would be available.
 Franz, 886 F.2d at 981 (citing United States v. Agyemang, 876 F.2d 1264, 1270 (7th Cir.1989); Villa v. Fairman, 810 F.2d 715, 718-19 (7th Cir.1987); Johnson v. United States, 805 F.2d 1285 (7th Cir.1986)) (quoting United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986)).