UNITED STATES of America,
Plaintiff–Appellee,

v.

Allen D. HAUERSPERGER,
Defendant–Appellant.

No. 01–2159.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 13, 2001.

Decided Dec. 14, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

**ORDER**

Allen Hauersperger pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii). The court sentenced Hauersperger to 60 months' imprisonment, four years' supervised release, and a $100 assessment. Hauersperger filed a notice of appeal, but his attorney has moved to withdraw and filed an *Anders* brief detailing the potential issues he considered and explaining why an appeal based on them would be frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hauersperger did not file a response. *See* Cir. R. 51(b). Because counsel's brief is facially adequate, our review is limited to the issues raised in the brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Counsel first considers whether Hauersperger could contest the validity of his guilty plea because the district court did not fully comply with Federal Rule of Criminal Procedure 11. The district court did not notify Hauersperger at his plea colloquy that he had a right to counsel, although Hauersperger's plea agreement detailed that right. Whether failure to fully comply with Rule 11 is reversible error is a subject of disagreement among the courts of appeals. *See United States v. Driver*, 242 F.3d 767 (7th Cir.2001) (holding that substantial, but not full, compliance with Rule 11 was not plain error); *but see United States v. Vonn*, 224 F.3d

1152 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001) (applying harmless error standard). While a circuit split would normally present a non-frivolous issue for review, that is not so in Hauersperger's case because he has not indicated an interest in withdrawing his guilty plea.

■ Counsel next examines whether Hauersperger could challenge his prison sentence. The district court reduced the base offense level of 30 by three levels for acceptance of responsibility and two levels under the safety valve provision. The court found that Hauersperger's criminal history category was I, yielding an imprisonment range of 57 to 71 months. Hauersperger challenged the assessment of one criminal history point for a conviction of driving while intoxicated, arguing that the suspended sentence he received should not count as a prior sentence. But the guidelines state that "a conviction for which the imposition or execution of the sentence was totally suspended" receives one criminal history point. *See* U.S.S.G. § 4A1.2(a)(3); *see also United States v. Atkinson,* 15 F.3d 715, 721 (7th Cir.1994). An appeal on this point thus would be frivolous.

Counsel then examines whether Hauersperger could challenge the court's refusal to depart downward based on family circumstances, charitable contributions, physical impairment, and extraordinary post-offense rehabilitation. We may review a district court's refusal to depart downward only where the district court erroneously believes that it lacked discretion to depart. *See United States v. Crickon,* 240 F.3d 652, 654 (7th Cir.2001). In this case the district court did not indicate that it lacked the power to depart, but instead chose not to exercise its power to depart.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.